# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DIVA LYRI DEY,

    Plaintiff,[1]

v.                                           Case No. 3:25-cv-734-MMH-MCR

T.K. WATERS, Duval County
Sheriff, and JODY PHILLIPS, Clerk
of Court for Duval County,

    Defendants.

_____

## O R D E R

**THIS CAUSE** is before the Court on the City and Clerk's Motion to Dismiss the Amended Complaint (Doc. 8; Second Motion), filed August 8, 2025. In the Motion, Defendants, T.K. Waters, Duval County Sheriff, and Jody

---

[1] Plaintiff, Diva Lyri Dey, proceeds pro se. In her pleadings, she includes an entity—United Nations from America (UNFA)—as a plaintiff. See, e.g., Complaint and Motion for Declaratory Judgment (Doc. 1; Complaint), filed June 30, 2025. It appears UNFA attempts to proceed pro se in this action. See, e.g., Complaint at 6 (in the UNFA signature block, an unattested signature is labeled as "United Nations from America Representative"); Complaint and Motion for Default Judgment (Doc. 6; Amended Complaint), filed July 25, 2025, at 5 (in Dey's signature block, she states she is "Executor and Beneficiary of Her Estate, UNA Republic," which appears to be a reference to UNFA). But Dey is not admitted to practice as a lawyer before this Court and an artificial entity may not represent itself. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). No individuals admitted to practice as a lawyer before this Court have appeared on behalf of UNFA. Dey's attempts to file documents on behalf of UNFA are improper, and as such, UNFA is not a proper party to this action. The Court will direct the Clerk of Court to terminate UNFA as a party.

Phillips, Clerk of Court for Duval County, seek dismissal of Plaintiff's Complaint and Motion for Default Judgment (Doc. 6; Amended Complaint), filed July 25, 2025. Upon review of the record in this case, it appears that Plaintiff did not timely file a response to the Second Motion. As such, the Court will provide Plaintiff an additional opportunity to file a response. Failure to do so will likely result in dismissal of this action for failure to prosecute.

On June 30, 2025, Plaintiff initiated this action by filing her Complaint and Motion for Declaratory Judgment (Doc. 1; Complaint). On July 22, 2025, Defendants moved to dismiss the Complaint. See The City and Clerk's Motion to Dismiss the Complaint (Doc. 5; First Motion). On the same day, Defendants mailed the First Motion to Plaintiff. See id. at 8–9. Three days later, Plaintiff filed her Amended Complaint, mooting the First Motion. See Amended Complaint); see also Order (Doc. 9; Order Denying First Motion as Moot), entered August 12, 2025, at 1–2.[2] On August 8, 2025, Defendants filed the Second Motion. Once again, Defendants mailed the Second Motion to Plaintiff the same day. See Second Motion at 9. Three days later, Plaintiff filed Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Motion for

---

[2] On July 11, 2025, Plaintiff filed a document captioned "Complaint and Motion for Declaratory Judgment" (Doc. 4; Proof of Service on Defendants). Despite the caption, in substance, this document provides proof of service on Defendants and is not a pleading. Therefore, despite the Court's previous characterization of the Amended Complaint as a second amended complaint, see Order Denying First Motion as Moot at 1, the Amended Complaint is Plaintiff's first amended complaint.

Summary Judgment for Failure to Respond within Statutory Timeframe (Doc. 10; First Response), filed August 11, 2025. Notably, the arguments Plaintiff makes in the First Response appear to be responsive to the First Motion. See First Response at 2 (stating that Defendants filed their motion to dismiss on July 22, 2025, which is the day Defendants filed the First Motion). Moreover, in the First Response, Plaintiff relies on the allegations in her original Complaint even though that pleading was no longer the operative complaint when Plaintiff filed the First Response. Id. at 3 (citing "Section IV, Statement of Facts—see ¶¶ 1–29"); Amended Complaint at 5 (including ¶ 16 as the highest-numbered paragraph). In light of the foregoing, it seems that Plaintiff has not filed a response to the Second Motion. Although the deadline for doing so has passed, considering Plaintiff's pro se status and the confusing record, the Court will provide Plaintiff an additional opportunity to file a response to the Second Motion.

Significantly, Plaintiff's signatures violate Rule 11, Federal Rules of Civil Procedure (Rule(s)), because the signatures do not "state [her] address, e-mail address, and telephone number." See Fed. R. Civ. P. 11(a); see, e.g., Amended Complaint at 5; First Response at 7. In future filings, Plaintiff must include a proper signature block with the required information.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to terminate United Nations from America as a plaintiff in this action.

2. In future filings, the parties are **DIRECTED** to omit United Nations from America from the case caption.

3. On or before **December 1, 2025**, Plaintiff, Diva Lyri Dey, shall respond to The City and Clerk's Motion to Dismiss the Amended Complaint (Doc. 8).

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record