**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIVA LYRI DEY,

    Plaintiff,

v.                                      Case No. 3:25-cv-734-MMH-MCR

T.K. WATERS, Duval County
Sheriff, and JODY PHILLIPS, Clerk
of Court for Duval County,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the City and Clerk's Motion to Dismiss the Amended Complaint (Doc. 8; Motion), filed August 8, 2025. In the Motion, Defendants, T.K. Waters, Duval County Sheriff, and Jody Phillips, Clerk of Court for Duval County, seek dismissal of Plaintiff, Diva Lyri Dey's, Complaint and Motion for Default Judgment (Doc. 6; Amended Complaint), filed July 25, 2025. The Court directed Dey to file a response to the Motion by December 1, 2025, see Order (Doc. 24; Order Directing a Response), entered November 6, 2025, and Dey did so, see Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the Amended Complaint (Doc. 25; Response), filed November 13, 2025. Accordingly, this matter is ripe for review.

As a preliminary matter, in the Response, Dey, who proceeds pro se, violated the Court's prior order to omit United Nations from America (UNFA) from the case caption as a plaintiff in this action. See Order Directing a Response at 4; Response at 1. It appears that Dey disagrees with the Court's determination that Dey cannot bring an action on behalf of UNFA because UNFA is an artificial entity. See Order Directing a Response at 1 n.1 (finding that Dey may not initiate an action on UNFA's behalf because she is not a lawyer, and an artificial entity cannot represent itself); Response at 2–3. Indeed, in the Response, Dey includes a section captioned "Clarification of Standing and Representation" in which she states that "[n]othing in the Court's prior order should be construed to extinguish the lawful standing of [UNFA] as an interested party represented through a natural person" and generally contends that the Court's directive was improper. See Response at 3. But in the Order Directing a Response, the Court unambiguously found that "Dey's attempts to file documents on behalf of UNFA are improper, and as such, UNFA is not a proper party to this action." See Order Directing a Response at 1 n.1. Dey's disagreement with a Court Order is not a basis for disobeying the Order. When making future filings, **Dey must not include United Nations from America in the case caption or attempt to make filings on behalf of United Nations from America**. **Continued failure to comply with this**

**directive will likely result in the imposition of sanctions up to and including the dismissal of this action**.

### I. Background

Dey commenced this action on June 30, 2025, by filing her Complaint and Motion for Declaratory Judgment (Doc. 1; Complaint). Dey then filed her Amended Complaint as a matter of course under Rule 15(a), Federal Rules of Civil Procedure (Rule(s)). The Amended Complaint is a largely incomprehensible document replete with conclusory assertions and devoid of factual content. See generally Amended Complaint. In it, Dey includes seven captioned sections, five of which contain numbered paragraphs (although the numbering restarts in Sections II, III, and VI), and one which is structured in narrative form (Section V, "Supplemental Statement of Continuing Violations"). See generally id. She includes no identifiable causes of action. See generally id.

Dey purports to incorporate in her Amended Complaint various exhibits from her original Complaint and the prior pleading as a whole. See, e.g., id. ¶ III.2 (referencing "Exhibit D"); id. at 4 ("A detailed account of these additional violations is provided in the document titled COMP[L]AINT AND MOTION FOR DECLARATORY JUDGMENT, as can be found as Filing #1 under 3:25-cv-734."). But she does not attach any exhibits to the Amended Complaint. See generally id.

Liberally construing Dey's allegations, it appears that she seeks to hold Defendants liable because they "defaulted" on "a series of legal notices" she sent them "pursuant to administrative due process under Common Law and Federal Procedures." Id. ¶¶ IV.8, IV.11. She says she sent three such notices, most recently on June 16, 2025, two weeks before she initiated this action. Id. ¶ IV.8. Reviewing the Complaint and attached exhibits, it appears Dey sent Defendants these "notices" after she received citations from the Jacksonville Sheriff's Office (JSO) on December 31, 2024, see Complaint ¶¶ IV.1, IV.7, and June 15, 2025, id. ¶ IV.10. JSO officers apparently issued Dey the citations for driving with expired registration and no tag. See, e.g., id. at 35.

As relief, Dey asks the Court to "[t]ake judicial notice of the administrative record, including Notices served, Defaults obtained, and affidavits of nonresponse"; "[e]nter Declaratory Judgment confirming Defendants' default and liability"; "[g]rant Default Judgment in favor of Plaintiff per FRCP Rule 55"; "[a]ward monetary damages in the amount of $10,725,000 as stipulated in Plaintiff's Trust fee schedule, contractually noticed to Defendants"; "[o]rder the immediate return of property, rights, and records seized or withheld"; "[i]ssue permanent injunctive relief to prevent further interference, trespass, and injury"; and "[a]cknowledge jurisdiction under

Divine Law, Common Law, the Constitution, and federal statutory protections[.]" See Amended Complaint at 5.

Defendants contend this action should be dismissed pursuant to Rule 12(b)(6) because the Amended Complaint is a shotgun pleading and it is "not possible for Defendants to frame a response … as there are no identifiable causes of action[.]" See Motion at 7. Upon review, the Court concludes that the Amended Complaint is a shotgun pleading that is due to be stricken. However, in accordance with Eleventh Circuit precedent, the Court will sua sponte grant Dey an opportunity to file a second amended complaint that complies with the pleading rules rather than dismiss this action on the merits under Rule 12(b)(6).

## II.     Applicable Law

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). And under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

---

opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[2] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking

---

[2] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another,to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before doing so, however, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Indeed, the Eleventh Circuit has distinguished between dismissals on shotgun grounds and dismissals pursuant

to Rule 12(b)(6), explaining that before dismissing a complaint with prejudice on shotgun pleading grounds, a district court must sua sponte provide the plaintiff one opportunity to replead. See Pop v. LuliFama.com LLC, 145 F.4th 1285, 1298–99 (11th Cir. 2025) (explaining that when a plaintiff fails to connect their factual allegations to their causes of action, this "sound[s] more clearly in Rule 12(e)'s remedy of ordering repleading for a more definite statement of the claim, rather than in Rule 12(b)(6)'s remedy of dismissal for failure to state a claim" (quoting Wagner v. First Horizon Pharma. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006))); see also Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295–96 (11th Cir. 2018). Notably, the Eleventh Circuit has vacated a district court's grant of a Rule 12(b)(6) motion to dismiss when the complaint was a shotgun pleading. First Horizon, 464 F.3d at 1279–80. In First Horizon, the Eleventh Circuit, when faced with a complaint that did not meaningfully connect its factual allegations to its causes of action, remanded to the district court with instructions to order repleading. Id. at 1279–80. However, when a plaintiff fails to fix shotgun pleading errors after being put on notice of the deficiencies and given an opportunity to correct them, dismissal with prejudice pursuant to the Court's inherent power can be warranted. See Vibe Micro, 878 F.3d at 1294–96 (affirming the dismissal, with prejudice, of the plaintiff's

federal claims because the district court gave the plaintiff notice of the complaint's shotgun problems and an opportunity to correct them).

### III. Analysis

Dey's Amended Complaint falls into two categories of shotgun pleadings. Additionally, the Amended Complaint violates Rule 10(b). As such, the Court concludes that the Amended Complaint is due to be stricken with leave granted to Dey to file a second amended complaint consistent with the directives of this Order.[3] See First Horizon, 464 F.3d at 1279–80.

First, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Indeed, the Court is not able to discern any causes of action, let alone how Dey's various statements are connected to causes of action.[4] Moreover, Dey's Amended Complaint is replete with conclusory statements that serve only to confuse Defendants and the Court. See, e.g., Amended Complaint at 4 ("These acts, committed while the Defendant was

---

[3] Dey offers nothing more than vague, conclusory assertions to contest Defendants' argument that the Amended Complaint is a shotgun pleading. See, e.g., Response at 3–4 (stating, without explanation, that "[t]he Amended Complaint sets forth specific factual allegations of unlawful conduct, identifies responsible officials, and requests declaratory and injunctive relief"). There is no merit to Dey's characterization of her pleading, and she should carefully read the Court's discussion of the Amended Complaint so she can avoid repeating the same errors in her second amended complaint.

[4] When Dey drafts her second amended complaint to include causes of action, to avoid committing another shotgun pleading error, she must "separate into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322–23.

already in commercial and lawful default, constitute aggravated injury, willful disregard of remedy, and continued bad faith."). And Dey advances legal theories that are plainly meritless. See, e.g., id. at 5 (asking the Court to "[a]cknowledge jurisdiction under Divine Law"). But Dey includes almost no factual allegations to put Defendants on notice of what alleged conduct she seeks to challenge. See generally id. Dey primarily contends that she is entitled to a default judgment, see Amended Complaint ¶ VI, but a default judgment is not a cause of action; indeed, to obtain a default judgment, a plaintiff must plead a **claim** to obtain judgment on, which Dey has not done.[5] Finally, Dey references the factual allegations and exhibits from her original Complaint and purports to incorporate them by reference in the Amended Complaint. See Amended Complaint at 4. But Dey's original Complaint no longer performs any function in this case. See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–37 (3d ed. 2010))). If Dey wishes to rely on the exhibits or allegations that she included in her original Complaint or in any

---

[5] The Court has already determined that Dey is not entitled to the entry of default judgment. See Order (Doc. 27), entered November 18, 2025, at 2.

other documents, she must include that material in her second amended complaint, and she may not incorporate the allegations by reference to prior filings.

Second, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant. It is insufficient to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). To avoid this pleading error, a plaintiff should separate claims against different defendants into different counts. See Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense."). This allows each defendant to more readily identify which claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. Dey brings this action against two Defendants, the Duval County Sheriff and the Duval County Clerk of Court, but she fails to differentiate between the two Defendants in her pleading. See generally Amended Complaint. When Dey drafts her second amended complaint, she must clarify which allegations and claims are directed at which Defendant.

And finally, Rule 10(b) requires that "[a] party … state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). In her Amended Complaint, Dey violates this Rule because, while many of her paragraphs are numbered, Section V ("Supplemental Statement of Continuing Violations") lacks any numbered paragraphs. See Amended Complaint at 3–4. Additionally, Dey's manner of numbering is confusing because she restarts the numbering at the beginning of Sections II, III, and VI. See id. at 2–4. In her second amended complaint, Dey must ensure that her claims are set forth in sequentially numbered paragraphs, and she should not restart the numbering at the beginning of new sections.

Because Dey's Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Dey to file a second amended complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a)(2) and 10(b), in her second amended complaint, Dey must set forth separate causes of action in numbered counts against each Defendant and must provide "a short and plain statement" of her claims demonstrating that Dey is entitled to relief. See Fed. R. Civ. P. 8(a)(2), 10(b). Dey must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis

for each of her claims and how each Defendant is responsible. **Failure to comply with the Rules and this Order will likely result in dismissal of this action without further notice.**

Dey is encouraged to consider consulting with a legal aid organization that offers free legal services before filing her second amended complaint. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Dey may contact the Clerk's office at (904) 549-1900, and the Clerk will provide her name and phone number to Jacksonville Area Legal Aid for a lawyer to call her.[6]

Accordingly, it is

**ORDERED:**

1. The City and Clerk's Motion to Dismiss the Amended Complaint (Doc. 8) is **GRANTED** to the extent the Court finds that Diva Lyri Dey's Complaint and Motion for Default Judgment (Doc. 6) is an

---

[6] In preparing the second amended complaint and any future filings, the Court also recommends that Dey visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Dey does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

impermissible shotgun pleading. In all other respects, the Motion is **DENIED WITHOUT PREJUDICE**.

2. Dey's Complaint and Motion for Default Judgment (Doc. 6) is **STRICKEN**.

3. On or before **FEBRUARY 18, 2026**, Dey shall file a second amended complaint that complies with all pleading rules and the directives of this Order. Failure to do so may result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of January, 2026.

_____
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record