UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIVA LYRI DEY and UNITED
NATIONS FROM AMERICA,

      Plaintiffs,

v.                                     Case No. 3:25-cv-734-MMH-MCR

T.K. WATERS, DUVAL COUNTY
SHERIFF, d/b/a Jacksonville
Sheriff's Office, et al.,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Diva Lyri Dey's Response to Defendants' Motion to Dismiss (Doc. 36; Response), filed April 9, 2026. In the Response, Dey, in addition to asserting that Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 34; Motion), filed March 10, 2026, is due to be denied, requests that the Court grant her "leave to amend the Complaint upon receipt of" additional information from Sheriff Waters, Jody Phillips, the Jacksonville Sheriff's Office, and Duval County. See Response at 15–16. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg

v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(b) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(b) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(b). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same). For all of these reasons, the Court will not entertain Dey's request for

2

relief included in the Response. Dey is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, it is:

**ORDERED**:

To the extent that Dey requests affirmative relief from the Court, the Response to Defendants' Motion to Dismiss (Doc. 36) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
Copies to:

Counsel of Record
Pro Se Party

3